**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-45

UNITED STATES TAX COURT

JOHN H. CHISOLM AND DIONNE CHISOLM, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27607-12S.                    Filed May 7, 2014.

John H. Chisolm and Dionne Chisolm, pro sese.

William John Gregg, for respondent.

SUMMARY OPINION

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, subsequent section references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

In a notice of deficiency dated August 14, 2012, respondent determined deficiencies in petitioners' Federal income tax and accuracy-related penalties as follows:

| Year | Deficiency | Penalty sec. 6662(a) |
| --- | --- | --- |
| 2008 | $22,328.00 | $4,465.60 |
| 2009 | 28,417.09 | 5,683.42 |
| 2010 | 24,989.00 | 4,997.80 |

Respondent concedes that petitioners are entitled to claimed unreimbursed employee business expense deductions of $9,243 for 2008, $9,548 for 2009, and $6,848 for 2010 before the reduction required by section 67(a). Respondent also made concessions with respect to cash charitable contribution deductions and noncash charitable contribution deductions for the years in issue, but the amounts are not clear from the transcript and the parties will resolve this in the Rule 155 computations. Additionally, respondent concedes that petitioners are entitled to certain deductions claimed on Schedules C, Profit or Loss From Business, of $741

for 2008, $1,861 for 2009, and $816 for 2010 for "other" expenses. Petitioners did not dispute the unreported income determined in the notice of deficiency for the years in issue; therefore, these issues are deemed conceded by petitioners. See Rule 34(b)(4). The adjustments for petitioners' exemption amounts, self-employment tax, self-employment tax deduction, and alternative minimum tax are computational and will be resolved by the determinations of the Court on the other issues. See secs. 151(d)(3), 1401, 1402, 164(f), 55-59.

The issues remaining for decision are whether petitioners: (1) are entitled to deductions for charitable contributions in excess of those agreed to or allowed by respondent; (2) are entitled to deductions claimed on Schedule C in excess of those agreed to by respondent; and (3) are liable for the accuracy-related penalties under section 6662(a) for the years in issue.

## Background

No stipulation of facts was filed in this case. The exhibits received in evidence at trial are incorporated herein by reference. Petitioners lived in Maryland when they filed their petition.

John H. Chisolm and Dionne Chisolm are married individuals who were employed full time in 2008, 2009, and 2010. Mr. Chisolm worked as a canine officer for the Department of Homeland Security, and Mrs. Chisolm worked as a

program analyst.  Mrs. Chisolm also engaged in real estate activity and claimed business expense deductions for this activity for the years in issue.

Petitioners claimed aggregate business expense deductions associated with Mrs. Chisolm's real estate activity on Schedules C of $39,669, $31,149, and $31,046 for 2008, 2009, and 2010, respectively.  The expenses reported on Schedules C include those for advertising, car and truck, insurance, office, meals and entertainment, and other expenses.  Mrs. Chisolm did not report significant profits during the years in issue with respect to the real estate activity.

Petitioners claimed deductions for cash charitable contributions on Schedules A, Itemized Deductions, of $27,398, $30,024, and $16,030 for 2008, 2009, and 2010, respectively.  Petitioners also claimed deductions for noncash charitable contributions of $7,100, $10,000, and $4,500 for 2008, 2009, and 2010, respectively.  Forms 8283, Noncash Charitable Contributions, attached to the returns for the years in issue show that petitioners purported to have made donations of clothing, toys, shoes, housewares, furniture, electronics, a computer, and a printer.

Respondent issued a notice of deficiency disallowing all of petitioners' claimed Schedules C expense deductions and charitable contribution deductions

for the years in issue and determined that petitioners are liable for the accuracy-related penalties under section 6662(a).

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayers have the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). The Court finds that petitioners have not argued or shown that they have met the requirements of section 7491(a) and the burden of proof does not shift to respondent.

Charitable Contributions

Section 170(a)(1) provides the general rule that there shall be allowable as a deduction any charitable contribution which is made within the taxable year and verified under regulations prescribed by the Secretary. Section 1.170A-13(f), Income Tax Regs., provides that separate contributions of less than $250 are not subject to the "contemporaneous written acknowledgment" requirement of section 170(f)(8) regardless of whether the sum of the contributions to a donee organization equals $250 or more. Rather, monetary charitable contributions of less than $250 must be substantiated by a canceled check, a receipt from the donee

organization, or other reliable written records showing the name of the donee, the date of the contribution, and the amount of the contribution. Sec. 1.170A-13(a)(1), Income Tax Regs.

Pursuant to section 170(f)(8), deductions for contributions of cash or property of $250 or more must be substantiated by a contemporaneous written acknowledgment from the donee organization that includes (1) the amount of cash and a description (but not necessarily the value) of any property other than cash contributed, (2) a statement whether the donee organization provided any goods or services in consideration to the taxpayer in exchange for the donation, (3) a description and good-faith estimate of the value of any goods or services provided in consideration for the contribution, and (4) if any intangible religious benefits were provided, a statement to that effect. Sec. 170(f)(8)(B)(i)-(iii); sec. 1.170A-13(f)(2)(i)-(iv), Income Tax Regs.

To verify a charitable contribution of property other than money with a claimed value of $250 or more, the taxpayer must substantiate the contribution with a contemporaneous written acknowledgment from the donee as required in the form and detail discussed above. Sec. 170(f)(8)(B)(i)-(iii); sec. 1.170A-13(f)(2)(i)-(iv), Income Tax Regs. The regulations require that taxpayers who make contributions of property with a claimed deduction of more than $500, but

not more than $5,000, maintain receipts showing: (1) the name and address of the donee; (2) the date and location of the contribution; and (3) the property's description in detail reasonably sufficient under the circumstances. Sec. 170(f)(11)(B); sec. 1.170A-13(b)(1), Income Tax Regs. If it is impractical to obtain a receipt under the circumstances, the taxpayer must maintain reliable written records with respect to each item of donated property. Sec. 1.170A-13(b)(1), Income Tax Regs.

Additionally, where a taxpayer claims a deduction in excess of $500 for a charitable contribution of property other than money, the taxpayer is also required to attach Form 8283 to the taxpayer's Form 1040, U.S. Individual Income Tax Return, and maintain a written record that indicates how the property was acquired and the taxpayer's basis in the property. Sec. 1.170A-13(b)(3), Income Tax Regs.

Petitioners did not provide documents substantiating the claimed deductions for cash charitable contributions for the years in issue or the noncash charitable contributions reported on the attached Forms 8283. Without other reliable evidence to substantiate those charitable contributions, petitioners are not entitled to claim deductions for them. Accordingly, we sustain respondent's determinations, to the extent not conceded by respondent, disallowing the cash and noncash charitable contribution deductions for the years in issue.

Schedule C Deductions

Taxpayers are allowed a deduction for "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Sec. 162(a). Income tax deductions are a "matter of legislative grace", and the taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). A taxpayer must substantiate his deductions by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). These records must be retained for as long as the contents may become material and must be kept available for inspection. Sec. 1.6001-1(e), Income Tax Regs.

In some instances, the Court may approximate the amount of a deduction if the taxpayer can establish a deductible expense but cannot substantiate the precise amount. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). There must be sufficient evidence in the record, however, to permit the Court to conclude that a deductible expense was paid or incurred for at least the amount allowed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Certain expenses are subject to strict substantiation rules under section 274(d). Such expenses include those relating to travel expenses, meals and entertainment expenditures, and expenses related to the use of listed property as defined under section 280F(d)(4)(A). See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969). Listed property includes passenger automobiles. Sec. 280F(d)(4)(A)(i).

To comply with the strict substantiation rules, the taxpayer must provide adequate records or sufficient evidence corroborating the amount of the taxpayer's claimed expense, the time and place the expense was incurred, the business purpose of the expense, and the business relationship of the taxpayer to any others who benefited by the expense. Sec. 1.274-5T(b) and (c), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46016 (Nov. 6 1985). To substantiate deductions using adequate records, the taxpayer must maintain an account book, a log, a diary, or a similar record and documentary evidence to establish each element of an expenditure. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). The Court may not use the Cohan rule to estimate expenses subject to the strict substantiation requirements under section 274(d). Sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

When a taxpayer shows that his inability to produce adequate records is due to circumstances beyond his control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer is allowed to substantiate deductions through other credible evidence. Boyd v. Commissioner, 122 T.C. 305, 320 (2004); sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985). A taxpayer is required to reconstruct pertinent records to the fullest extent possible. See Chong v. Commissioner, T.C. Memo. 2007-12. If no other documentation is available, the Court may, but is not obliged to, accept credible testimony of a taxpayer to substantiate a deduction. See Boyd v. Commissioner, 122 T.C. at 320 (citing Watson v. Commissioner, T.C. Memo. 1988-29); Freeman v. Commissioner, T.C. Memo. 2009-213.

For the years in issue petitioners deducted Schedule C expenses related to Mrs. Chisolm's real estate activity. Petitioners asserted that they were unable to provide any documents to substantiate their expenses because all relevant documents needed to prepare their tax returns were provided to their accountant and the accountant had since passed away. Petitioners asserted that they were unable to retrieve their documents from the accountant's family or the estate of the accountant. Petitioners assert that they did not keep any hardcopies of the documents because they had scanned them into their computer and that their

computer subsequently "died", thereby deleting all their personal and business data that was stored in the computer.

The Court assumes the truth of petitioners' assertions; nevertheless; they did not provide corroborating records or credible testimony that would enable the Court to allow any deductible expenses.  Accordingly, respondent's disallowance of the Schedule C deductions for the years in issue, in excess of respondent's concessions, is sustained.

Accuracy-Related Penalties

Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on "any portion of an underpayment of tax required to be shown on a return" if the underpayment is due to, among other reasons, negligence, disregard of rules or regulations, or any substantial understatement of income tax.  Respondent bears the burden of production as to the penalty.  See sec. 7491(c).

Negligence is defined as any failure to make a reasonable attempt to comply with the provisions of the Code, and the term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).  Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly.  Sec. 1.6662-3(b)(1) and (2), Income Tax Regs.

The accuracy-related penalty is not imposed with respect to any portion of an underpayment if a taxpayer demonstrates that there was reasonable cause for that portion of the underpayment and that he or she acted in good faith with respect to that portion. See sec. 6664(c). Section 1.6664-4(b)(1), Income Tax Regs., specifically provides: "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of * * * the experience, knowledge, and education of the taxpayer." The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

On the basis of petitioners' failure to keep adequate books and records or to substantiate items properly, the Court concludes that respondent has produced sufficient evidence of negligence to show that the accuracy-related penalty under section 6662 is appropriate for the years in issue. Petitioners did not provide any other evidence at trial to substantiate the deductions disallowed in the notice of deficiency. In addition, petitioners did not show that there was reasonable cause for, and that they acted in good faith with respect to, the claimed deductions disallowed for the years in issue. Therefore, respondent's determination of the accuracy-related penalties under section 6662(a) for the years in issue is sustained.

The Court has considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.